## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Eric Smith, | ) |
|       Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| North Dakota Attorney General Drew Wrigley, | ) |
|       Defendant. | ) Case No. 1:25-cv-069 |

Plaintiff, a resident of Utah, initiated the above-captioned action *pro se* on March 25, 2025, challenging North Dakota Senate Bill 2382 ("SB 2382") and the law it created. This matter was referred to the undersigned for initial review pursuant to 28 U.S.C. 1915(e). Having now completed an initial review of Plaintiff's pleadings, the undersigned recommends that this action be dismissed for lack of standing.

**I.    BACKGROUND**

    **A.    SB 2382**

SB 2382 was passed by North Dakota's legislative assembly, signed by North Dakota's Governor, and filed on March 31, 2025, with North Dakota's Secretary of State. See S. 2382, 2025 Leg., 69th Sess. (N.D. 2025).[1] It creates a new chapter to Title 28 of the North Dakota Century Code that ostensibly codifies North Dakota Supreme Court Administrative Rule 58 regarding vexatious litigation. Compare S. 2382, 2025 Leg., 69th Sess. (N.D. 2025) with N.D. Sup. Ct. Admin. R. 58 (April 3, 2025). Specifically, it establishes a procedure that the state district court may

---

[1] SB 2382 was an "emergency measure" that passed with a two-thirds vote in both houses of North Dakota's Legislative Assembly. S. 2382, 2025 Leg., 69th Sess. (N.D. 2025). It therefore took effect immediately upon being filed with the Secretary of State. N.D. Const. Art IV, § 13.

1

use to designate someone a vexatious litigant and thereafter prohibit that someone from filing any new litigation or documents in existing litigation without first obtaining leave. S. 2382, 2025 Leg., 69th Sess. (N.D. 2025). It defines the terms "litigation, vexatious, conduct, and vexatious litigant" as follows:

1. "Litigation" means any civil or disciplinary action or proceeding, small claims action, appeal from an administrative agency, review of a referee order by the district court, or appeal to the supreme court. The term does not include criminal actions.

2. "Vexatious conduct" means conduct that:
   a. Serves primarily to harass or maliciously injure another party in litigation;
   b. Is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;
   c. Is imposed solely for delay;
   d. Hinders the effective administration of justice;
   e. Imposes an unacceptable burden on judicial personnel and resources; or
   f. Impedes the normal and essential functioning of the judicial process.

3. "Vexatious litigant" means a litigant, either self-represented or represented by an attorney, who:
   a. Has commenced, prosecuted, or maintained at least two litigations involving vexatious conduct, which were finally determined adversely to the litigant in the past seven years;
   b. After litigation has been finally determined, relitigates or attempts to relitigate:
      (1) The validity of the determination against the same party or the party's immediate family member as to whom the litigation was finally determined; or
      (2) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same party or the party's immediate family member as to whom the litigation was finally determined;
   c. Repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in any other tactics frivolous or intended to cause unnecessary

      burden, expense, or delay; or
   d. Has previously been declared a vexatious litigant by any state
      or federal court of record in any action or proceeding.

Id.

**B. Plaintiff's Claims**

Plaintiff challenges the constitutionality of SB 2382 and the new chapter to the North Dakota Century Code it creates. He alleges:

> This is a Constitutional Federal Question being challenged under Fed. R. Civ. Pr. 5.1. This is allowed in Federal Case Law. Sanderson also challenges the Vexatious Litigant statute in NDCC 28 to be too restrictive and vague allowing a judge to be biased and retaliatory towards litigants. Restricting rights and vague statutes are Unconstitutional by US Supreme Court rulings. Smith also states that the Court need to order that the state follow its own Constitution where ND State Constitution clearing states the following. Section . . . .[2]
>
>             * * *
>
> SB 2382 violates the U.S. & ND Constitution Article I Section 1 taking our inalienable rights away and our liberty to address government overreach and Smith's happiness and Section 2 which all political power is inherent in the PEOPLE as well as Section 3 discriminating against Smith and Section 13 the right to a jury trial! The right to be treated with fairness and without Bias from judges in ND which we know full well are corrupt! Smith can list more but if this is not enough for a court to rule this bill to be unconstitutional nothing will be enough. This bill is being written for Sanderson directly as in legislative testimony and other Pro Se Litigants! This bill is also a violation of the 14th Amendment as well. This Court needs to order that the state start to follow its own constitution and the US Constitution.

(Doc. No. 1-1).[3] He requests that the Court "[g]rant an injunction and rule SB 2382 unconstitutional and the Vexation Litigant statute to be unconstitutional in part or its entirety [as] [i]t violates the US Constitution and the North Dakota constitution." (Id.).

---

[2] The rest of the sentence is partially obscured rendering it illegible.

[3] The "Sanderson" referenced by Plaintiff in his pleadings is not a party to this action.

II. **STANDARD OF REVIEW**

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002) ("[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits."). In applying the standard, the Court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Jones v. Douglas Cty. Sheriff's Dep't, 915 F.3d 498, 499 (8th Cir. 2019); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). On the other hand, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010).

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v.

Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Article III's limitation on the federal courts' jurisdiction is commonly referred to as the "case or controversy" requirement. Schanou v. Lancaster County Sch. Dist. No. 160, 62 F.3d 1040, 1042 (8th Cir. 1995) (quoting Arkansas AFL–CIO v. F.C.C., 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc)). "Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case. Courts employ a number of doctrines to determine justiciability such as standing, ripeness, and mootness." Gray v. City of Valley Park, Mo., 567 F.3d 976, 982–83 (8th Cir. 2009) (quoting Schanou, 62 F.3d at 1042). If a plaintiff lacks standing to assert a claim or a claim is not ripe for adjudication, the Court is without subject matter jurisdiction to adjudicate that claim. See, e.g., S. Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 591 (8th Cir. 2003); Gray, 567 F.3d at 982–83. If the Court is without the requisite subject matter jurisdiction over a claim, then the claim must be dismissed. See Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. MOOTNESS

As a preliminary matter, the undersigned notes that Plaintiff's request to enjoin the North Dakota legislature from considering SB 2382 is moot. In any event, the Court cannot enjoin North Dakota's legislative assembly from legislating; the Court has authority to adjudicate cases and controversies, not to dictate legislative actions. The undersigned shall now address the issues of standing and ripeness.

#### B. STANDING AND RIPENESS

To demonstrate "Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an injury-in-fact, (2) a causal relationship between the injury and the challenged conduct,

5

and (3) that the injury likely will be redressed by a favorable decision." S. Dakota v. U.S. Dep't of Interior, 665 F.3d 986, 989 (8th Cir. 2012). The injury alleged may not be speculative or conjectural in nature. See id.

"Ripeness is demonstrated by a showing that a live controversy exists such that the plaintiffs will sustain immediate injury from the operation of the challenged provisions, and that the injury would be redressed by the relief requested." Emps. Ass'n, Inc. v. United Steelworkers of Am., AFL-CIO-CLC, 32 F.3d 1297, 1299 (8th Cir. 1994). "In other words, a plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Id. (internal quotation marks omitted). "However, one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." Id. (internal quotation marks omitted).

Plaintiff was previously deemed a vexatious filer under North Dakota Supreme Court Administrative Rule 58. The "Roster of Vexatious Litigants"[4] prepared by the Office of the State Court Administrator and last updated on July 19, 2025, reflects that a state district judge issued an order on April 23, 2018, imposing restrictions pursuant to Administrative Rule 58 on Plaintiff's ability to file in two state cases. The roster specifically states: "Eric N. Smith is prohibited from filing new documents in the matter of Eric N. Smith vs. Emily R. Dickinson without leave of court; However he may file an application seeking leave to file documents in the present case, by first obtaining leave of the district judge or judicial referee assigned to 09-2015 DM-03121."

Plaintiff initiated this action *pro se* and *in forma pauperis* on March 25, 2025, or

---

[4] The Court can take judicial notice of the roster as it is a publicly available document posted on the North Dakota Supreme Court's website. See Stutzka v. McCarville, 420 F.3d 757, 761 (8th Cir. 2005) (stating that courts can take judicial notice of public records).

approximately six days before the new chapter to the North Dakota Century Code addressing vexatious litigation went into effect. Thus, he has not suffered an injury attributable to the passage of SB 2382 and the new chapter to the North Dakota Century Code.

Plaintiff's conclusory allegations, platitudes, reference to the Federal Rules of Civil Procedure, the Constitution generally, and unnamed Supreme Court decisions are not enough to state a claim for relief. Notably, there is nothing in the record to reflect that Plaintiff applied for but was denied leave to file anything in Case No. 09-215-MD-03121. As for the other cases referenced in the roster notation, <u>Eric N. Smith vs. Emily R. Dickinson</u>, it would appear from the information publicly available they have been closed for some time.[5] Thus, any restrictions on Plaintiff's abilityt to file in these cases  Finally, there is nothing in the pleadings to suggest that he is restricted from initiatng . He therefore  has not asserted sufficient facts that he has or could suffer any injury that is not conjectural or hypothetical and therefore lacks standing.

### IV.     CONCLUSION AND RECOMMENDATION

Plaintiff has failed to assert facts to support an inference that he has standing much less a claim ripe for review. Insofar as Plaintiff is seeking to enjoin the North Dakota legislature's consideration of SB 2382, his request is moot as SB 2382 has been enacted. Accordingly, the undersigned **RECOMMENDS** that the above-captioned action be **DISMISSED**. The undersigned further **RECOMMENDS** that Plaintiff not be permitted to appeal *in forma pauperis* an order of dismissal as any appeal would be frivolous and could not be taken in good faith.

---

[5] The Register of Actions in <u>Smith v. Ericson</u>, Case No. 09-2017-SC-00986, reflects that on February 14, 2018, a judgment was entered disposing of Smith's small claim against Erickson. <u>See</u> https://publicsearch.ndcourts.gov/Search.aspx?ID=200. The Register of Actions in <u>Smith v. Ericson</u>, Case No. 09-2015-DM-01321, reflects that it is closed. <u>See id.</u>  The Register of Actions in <u>Smith v. Ericson</u>, Case No. 09-2019-CV-02947, reflects that it is also closed. <u>See id.</u> As these Registers of Action are publicly available on the North Dakota Supreme Court's website, the Court can take judicial notice of them.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Plaintiff shall have until May 30, 2025, to file objections to this Report and Recommendation. D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 14th day of May, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
